KOLB et al. v. MORTIMER et al.   (No. 7836.)

(Supreme Court, Appellate Division, First Department.   November 12, 1915.)

1. CORPORATIONS ⬦⟶320—ACTIONS FOR MISAPPLYING MONEY—AMOUNT RECOVERABLE.

In a stockholder's action against persons through whose negligent, fraudulent, and illegal acts the moneys of the corporations of which they were stockholders were wasted, squandered, and misapplied, it was error to include in the judgment amounts advanced by defendants to the corporation on its notes, and subsequently misapplied and lost; defendants having realized no cash on such notes.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. ⬦⟶320.]

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. ATTORNEY AND CLIENT ☞192—LIEN—JUDGMENT.

A provision adjudging plaintiff's attorney to have a lien for his professional services upon the cause of action and any proceeds recovered to the amount of their fair and reasonable value, had no proper place in the judgment, especially where no issue was tendered justifying its inclusion.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. ☞192.]

3. CORPORATIONS ☞320—STOCKHOLDERS' ACTIONS—JUDGMENT.

In an action by stockholders in an underwriting company and an assurance society, which, though separate entities, were in reality one concern, employed in the same enterprise of establishing the society as an insurance company, in which a judgment was recovered against persons through whose negligent, fraudulent, and illegal acts the moneys of the corporations were wasted, squandered, and misapplied, and it was adjudged that plaintiffs, in addition to their holdings of record in the underwriting company, were equitable stockholders in the assurance society, the judgment should not have provided that plaintiffs should have liens upon the assets of the corporations as stockholders thereof, but should have provided that they were entitled to share with the other stockholders in the distribution of the assets..

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. ☞320.]

Appeal from Special Term, New York County.

Action by Valentine Kolb and others against Morton L. Mortimer and others. From a judgment for plaintiffs, entered after a trial at Special Term, defendants appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Francis Lynde Stetson, of New York City, for appellant Earl.

Robert J. Haire, of New York City, for appellants Mortimer and others.

Frederic G. Dunham, of Albany, for superintendent of insurance.

Edwin R. Leavitt, of New York City, for respondents.

DOWLING, J. In a representative action, brought by plaintiffs as stockholders of two corporations, the Metropolitan Underwriting Company and the Columbia Life Assurance Society, it has been adjudged that said corporations, while being separate corporate entities, were in reality one concern, employed in the same enterprise of establishing the society as an insurance company, and that by an illegal, false, and fraudulent plan and scheme entered into by said society and company, with certain other individuals and corporations, sums of money belonging to the two first-named corporations were wrongfully and illegally paid to other parties; the amount of such payments being found by the court to be $39,500. The court has furthermore found that such payments were negligent, illegal, and fraudulent acts on the part of the defendants, and each of them, whereby the sum in question was wrongfully wasted and squandered and misapplied by them, and lost to the defendant corporations to their damage in the sum of $39,500, with interest from July 10, 1907. The court has also found that the plaintiffs, in addition to their holdings of record in the

Underwriting Company, are equitable stockholders in the Assurance Society to the extent found as to each of them.

[1] With the general conclusion reached by the court as to the illegal, wrongful, and fraudulent acts of the defendants, subjecting them to liability, we fully agree. It is therefore unnecessary to do more than to indicate the particulars in which we think the judgment appealed from is incorrect. The first of these is the amount of the loss found to have been sustained by the two corporations in question through the defendants' acts. The court has found this amount in the sum of $39,500. This represents $38,500 paid to the Manhattan Dock Company on July 10, 1907, and $1,000 paid to Chase Andrews in August, 1907. As to $20,450 of this amount there can be no question, for that was the amount of the society's balance in a trust company on that date, and paid over in the transaction in which the money was fraudulently wasted and ultimately lost. In addition to this $20,450, which concededly was the only cash the defendant corporations then had, and which money was in the account of the Columbia Life Assurance Society No. 2, there was also paid over in the same transaction $17,050, which represented $13,000 furnished by the defendant Earl on the demand note of the Underwriting Company, and $4,050 furnished by defendant Mortimer on a similar note. This $17,050, added to the $20,450, makes the total of $37,500.

It does not clearly appear where the remaining $1,000, representing the difference between this amount and the total of $38,500, which the court has found to have been lost by the Dock Company payment in question, came from, although it may have arisen from some confusion as to a balance of $1,500 for which the Underwriting Company is apparently liable, being the balance on a $2,500 unsecured note held by one Chase Andrews. But we deem it highly inequitable and unjust to compel Mortimer and Earl to pay over a second time to the receiver of the defendant corporations the same sums which they had once before advanced for the uses of the concern. Nor does it appear that Earl had ever received a return of any kind on his note received in payment of such advance, or that Mortimer ever received any cash on account of his similar note. We find, therefore, upon this record, that the amount for which the defendants should be held liable is $20,450, with interest thereon from July 10, 1907, amounting to $6,918.92, or a total of $27,368.92, and the judgment should direct that sum to be paid to the superintendent of insurance as liquidator of the Assurance Society. The findings of fact numbered XI, XII, and XIII, and subdivisions 1 and 3 of the conclusion of law numbered IV, in the decision, will be modified accordingly, as well as the paragraphs of the judgment numbered V.

[2] In the decision by the finding of fact numbered XVI and the conclusion of law numbered III, plaintiffs' attorney has been adjudged to have a lien for his professional services rendered herein upon the cause of action and any proceeds recovered thereon to the amount of their fair and reasonable value. Such a provision has no proper place in this judgment, nor was there any issue tendered by the pleadings which would justify its inclusion. The finding of fact numbered

XVI, and the conclusion of law numbered III in the decision, and the clause in the judgment numbered III, will therefore be reversed, as being without warrant in law.

In view of the reduction in amount of the plaintiffs' recovery, the amount of the extra allowance herein will be reduced to 5 per cent. upon the amount now determined to be due, namely, $27,368.92, or the sum of $1,368.49, and subdivision 3 of conclusion of law numbered IV in the decision and paragraph VI of the judgment, will be modified accordingly.

[3] The superintendent of insurance has appealed upon the ground that the decision is ambiguously or erroneously drawn, in so far as it provides that plaintiffs should have liens upon the assets of the corporations as stockholders thereof. The respondents concede that they are entitled to no priority or preference over other stockholders. The criticism of the superintendent of insurance upon the language used in the judgment is justified, and while the respondents disclaim any intention to obtain any benefit from the phraseology used, the first and second conclusions of law in the decision and the first and second paragraphs of the judgment should provide that plaintiffs, as equitable stockholders in the Life Assurance Society, are entitled to share with the other stockholders of said society in the distribution of the assets thereof, in such proportion as the amounts they contributed bear to the total amount contributed by all stockholders.

As thus modified, the judgment appealed from will be affirmed, without costs to any party. Settle order on notice. All concur.